[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10561
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:08-cr-00270-GAP-KRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LENARD KILPATRICK,
a.k.a. Nard,
a.k.a. KP,
a.k.a. "P",
a.k.a. Meech,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(November 15, 2011)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Lenard Kilpatrick appeals his convictions and sentences for possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); conspiracy to possess with intent to distribute 50 or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), 846; possession with intent to distribute 50 or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii); and possession with intent to distribute 5 or more grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii).  He argues that the district court should have ordered the government to file a motion under U.S.S.G. § 5K1.1 for his substantial assistance.  For the reasons set forth below, we affirm.

I.

Kilpatrick pleaded guilty pursuant to a written plea agreement, under which he agreed to cooperate fully with the government in other investigations and "to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters."  The government agreed to consider whether any cooperation completed before sentencing qualified as substantial assistance such that a motion for a downward departure under U.S.S.G.

§ 5K1.1, for a sentence below the statutory minimum pursuant to 18 U.S.C. § 3553(e), or both would be warranted. Kilpatrick understood that the government retained the sole discretion to determine whether to file a substantial assistance motion, and he agreed not to challenge its decision.

At his plea colloquy, Kilpatrick was placed under oath. The magistrate judge reviewed Kilpatrick's agreement to cooperate with the government and the government's agreement to consider whether such cooperation warranted the filing of a § 5K1.1 motion. The magistrate emphasized that the government, not the court, would determine whether Kilpatrick's cooperation amounted to substantial assistance. Furthermore, the magistrate explained that Kilpatrick could not challenge a decision by the government not to file a § 5K1.1 motion.[1] Kilpatrick testified that this information was clear to him, and he pleaded guilty. The district court accepted the guilty plea.

At the sentencing hearing, Kilpatrick, through counsel, noted that he was cooperating in a state court trial that had been continued several times. The government stated that it would not consider filing a § 5K1.1 motion until Kilpatrick's cooperation was complete. The court continued the sentencing

---

[1] On appeal, the government does not argue that this provision in the plea agreement precludes Kilpatrick's appeal of its decision not to file a § 5K1.1 motion.

hearing. Before the sentencing continued, the court held a hearing to review, in part, whether the government planned to file a § 5K1.1 motion. The government stated that it did not intend to do so because Kilpatrick had perjured himself while testifying in the state court trial.

When the sentencing recommenced, Kilpatrick argued, through counsel, that he had cooperated by testifying in a codefendant's trial and in a state court trial. He believed that he had cooperated fully and that the government should have filed a § 5K1.1 motion. Kilpatrick then addressed the court, stating that he had testified truthfully in the federal case. As to the state court case, he had sold the defendant powder cocaine, and he testified as such. However, the state had wanted him to testify that he sold the defendant crack cocaine because the defendant had been found with crack cocaine. Kilpatrick had cooperated, and when the government refused to file a § 5K1.1 motion, he believed that it violated the plea agreement. The government was refusing to file the motion based on what happened in the state court case. The government stated that it agreed that Kilpatrick had testified truthfully in his codefendant's federal trial. It did not file a § 5K1.1 motion, however, because it believed that Kilpatrick had perjured himself in the state court trial. It based that opinion on Kilpatrick's written statements, his state court trial testimony, and jail call recordings in which Kilpatrick had

4

"essentially bragged" that he had sunk the state court case.

The court began its analysis by interpreting the plea agreement, noting that Kilpatrick had testified truthfully in the federal case. The court stated that it was possible that Kilpatrick was obligated to cooperate in state prosecutions under his plea agreement, pointing to the section in the agreement where Kilpatrick agreed "to fully cooperate with the United States in the investigation and prosecution of other persons." However, it was unsure what the government's interest was in state prosecutions. Thus, although it was "questionable" as to whether Kilpatrick had fully cooperated as required by the plea agreement, the court did not "have enough facts to make a finding as to whether" he was obligated to testify truthfully in the state case. Therefore, the court had to consider the law governing plea agreements and the government's refusal to file a § 5K1.1 motion.

The court then stated that Eleventh Circuit precedent did not require the government to exercise good faith in deciding whether to file a § 5K1.1 motion. Rather, the government was only prohibited from considering a constitutionally impermissible ground. There was no showing that the government acted in bad faith or that it based its decision on constitutionally impermissible grounds in this case. The court thus denied Kilpatrick's request for specific performance. Kilpatrick then addressed the court, arguing that after he had testified in his

codefendant's federal trial, the government had not filed a § 5K1.1 motion. He had told his attorney that he did not want to testify in the state court case. The court stated that it would not change its ruling because the government was not obligated to file a § 5K1.1 motion. The court then sentenced Kilpatrick to 168 months' imprisonment on Counts 1, 2, 3, and 5, to run concurrently.

## II.

We review *de novo* the question of whether the government breached a plea agreement. *United States v. Copeland*, 381 F.3d 1101, 1104 (11th Cir. 2004). Under U.S.S.G. § 5K1.1, the government may file a motion informing the court that the defendant provided substantial assistance in the investigation or prosecution of another individual. U.S.S.G. § 5K1.1. If the government files such a motion, the court may impose a downward departure under the Sentencing Guidelines. *Id.* The government has the power, but not a duty, to file a § 5K1.1 motion. *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992). A district court may review the government's decision not to file a § 5K1.1 motion only if it "was based on an unconstitutional motive," such as "the defendant's race or religion." *Id.* at 185-86, 112 S.Ct. at 1843-44. The government also may not refuse to file a § 5K1.1 motion for reasons not rationally related to a legitimate governmental purpose. *Id.* at 186, 112 S.Ct. at 1844. The

defendant, however, must make more than "generalized allegations of improper motive" to obtain relief. *Id.*

Where a plea agreement merely required the government to consider filing a § 5K1.1 motion, the district court reviewed that provision with the defendant and ensured that the defendant understood the provision, and there was no evidence that the government did not consider the defendant's assistance, we declined to analyze the government's decision using principles of contract interpretation because the government did all that it had promised to do. *United States v. Forney*, 9 F.3d 1492, 1499 n.2 (11th Cir. 1993). In *Forney*, we also declined to consider whether the government's decision was made in bad faith because the defendant had not raised the issue before the district court. *Id.* at 1500. Specifically, at his sentencing hearing, he did not assert that the government made its decision based on an unconstitutional or discriminatory ground. *Id.* at 1500 n.3. Furthermore, where the government promised to consider filing a § 5K1.1 motion, as opposed to promised to file a § 5K1.1 motion, the government's decision was "not reviewable for arbitrariness or bad faith." *Id.* at 1502 n.5 (quotation omitted).

Here, the court correctly declined to order the government to file a § 5K1.1 motion. The government considered whether Kilpatrick's cooperation amounted

7

to substantial assistance, which was all that it was required to do under the plea agreement. According to the plea agreement and Kilpatrick's testimony, he understood that whether the government would file a § 5K1.1 motion was solely within its discretion. Moreover, under *Forney*, we need not review the government's decision using principles of contract interpretation. Like in *Forney*, Kilpatrick's plea agreement only required the government to consider filing a § 5K1.1 motion, the magistrate reviewed that provision of the plea agreement with Kilpatrick and ensured that he understood the provision, and there is no evidence that the government did not consider whether Kilpatrick's assistance amounted to substantial assistance. *See id.*, 9 F.3d at 1499 n.2. Therefore, we decline Kilpatrick's request to analyze the government's decision using principles of contract interpretation because the government did all that it promised to do. *See id.*

Next, we decline to consider Kilpatrick's argument that the government made the decision not to file a § 5K1.1 motion in bad faith. Like the defendant in *Forney*, Kilpatrick did not argue at sentencing that the government based its decision on an unconstitutional or discriminatory ground. *See id.* at 1500 n.3. Rather, he argued that the government impermissibly based its decision on his actions in a state court case even though his plea agreement only required him to

testify truthfully in federal proceedings. Nonetheless, Kilpatrick is not entitled to relief. The court found that the agreement could be broad enough to include the state prosecution, pointing to that part of the plea agreement where Kilpatrick agreed "to fully cooperate with the United States in the investigation and prosecution of other persons." In fact, Kilpatrick himself first brought to the court's attention his cooperation in the state case, apparently seeking consideration of that cooperation from the government in connection with the potential § 5K1.1 motion. The government then replied that it would not consider filing a § 5K1.1 motion until Kilpatrick's cooperation was complete. Finally, Kilpatrick has not made a specific allegation that the government based its decision on an unconstitutional ground, such as his race or religion. *See Wade*, 504 U.S. at 185-86, 112 S.Ct. at 1843-44.

For the foregoing reasons, we affirm Kilpatrick's convictions and sentences.

**AFFIRMED.**